[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Henry Jordan appeals pro se the trial court's dismissal of his second postconviction petition to vacate or set aside his sentence. He raises three assignments of error. In his first assignment, he claims that the trial court erred by dismissing his successive petition because the claims raised had been reviewed in his first petition, when he provided additional documentation in the second petition to support his claims. In his second assignment, he argues that the trial court erred by dismissing his second petition as raising claims similar to those contained in his first petition, because no claims were argued in his first petition. In his last assignment, Jordan claims that the trial court erred by concluding that he had failed to meet the criteria for filing a successive postconviction petition. Because our determination of Jordan's third assignment disposes of his appeal, we need not address the remaining assignments.[1]
We have reviewed Jordan's successive petition and the supporting evidence. Because this was Jordan's second postconviction petition, the trial court was required to entertain it only if Jordan showed that he had been unavoidably prevented from discovering the facts on which his petition relied, or that his petition relied on a new federal or state right, recognized by the United States Supreme Court, that applied retroactively to persons in Jordan's situation.[2] In addition, Jordan had the burden to demonstrate by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense for which he was convicted.[3]
Jordan was indicted for rape, but pleaded guilty to a reduced charge of attempted rape. His untimely appeal was dismissed, and his motion for leave to file a delayed appeal was denied by this court. He then filed his first postconviction petition in which he claimed ineffective assistance of counsel based on the fact that his will was overborne by counsel's coercing him to enter a guilty plea, prosecutorial misconduct, and bias on the part of the trial court, among other claims. According to Jordan, his counsel, the prosecutor, and the trial court all knew that the rape he was indicted for in Ohio actually occurred in Atlanta, Georgia, in 1993, and still allowed him to plead guilty to attempted rape in Ohio. According to Jordan, a separate charge had been dismissed in Atlanta.
The claims that Jordan raises in the instant petition are virtually identical to those he raised in his first petition. We determined in the appeal of his first petition that Jordan had failed to meet the requirement for a delayed petition in that case.[4] Here, Jordan has failed to demonstrate that he was unavoidably prevented from discovering new facts upon which he based his claims or that his claims were based on a newly recognized federal or state right that would apply retroactively to him.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN P.J., PAINTER, and SUNDERMANN, JJ.
[1] See App.R. 12(A).
[2] R.C. 2953.23(A)(1)(a) and (b).
[3] R.C. 2953.23(A)(2).
[4] See State v. Jordan (May 12, 1999), Hamilton App. No. C-980733, unreported.